IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DONALD WAYNE BULLARD                                                    MOVANT

v.                                                                             No. 1:22CV15-SA-RP

UNITED STATES OF AMERICA                                       RESPONDENT

ORDER CONSTRUING PETITION AS ONE FILED UNDER 28 U.S.C. § 2255;
TRANSFERRING MOTION TO THE FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court on the *pro se* petitioner's re-submission of his request for *habeas corpus* relief under 28 U.S.C. § 2255. As the Government noted in its response, though Bullard has filed the petition on the form for seeking *habeas corpus* relief under 28 U.S.C. § 2241, the petition is a challenge to his conviction in his criminal case: *United States v. Bullard*, 1:19CR42-MPM-DAS (N.D. Miss.). The court will thus construe the filing as a motion for § 2255 relief.

This is at least the second motion under § 2255 the Movant has filed; to overcome the prohibition against the filing of a second or successive petition under § 2255(h), the petitioner must show that his motion contains:

1. newly discovered evidence that, if proven and viewed in the light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or

2. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. §§ 2244(b)(1) - (2) and 2255(h). That decision must be made by the court of appeals. *See* §§ 2244(b)(3) and 2255. Until the Movant obtains authorization from the Fifth Circuit to

proceed, this court is without jurisdiction to take up the motion. Rather than dismissing the motion on this basis, the Fifth Circuit permits district courts to transfer the § 2255 motion for consideration under 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

1) That the Clerk of the Court file the petition in this civil case (and its various amendments) as a motion for § 2255 relief in Mr. Bullard's criminal case – *United States v. Bullard*, 1:19CR42-MPM-DAS (N.D. Miss.);

2) That the instant civil case filed under 28 U.S.C. § 2241 is **DISMISSED**, as it was improvidently filed;

3) That the § 2255 motion in *United States v. Bullard*, 1:19CR42-MPM-DAS (N.D. Miss.) be **TRANSFERRED** to the Fifth Circuit Court of Appeals for the movant to seek leave to file this successive § 2255 motion;

4) The Clerk of Court is directed to **TRANSFER** this § 2255 motion and the entire record to the Fifth Circuit Court of Appeals in accordance with §§ 2244(b)(3) and 2255 and *In re Epps*, 127 F.3d at 365; and

3) Both the instant civil case and the § 2255 motion in the criminal case are **CLOSED.**

**SO ORDERED**, this, the 27th day of July, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE